UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID VIALIZ,                           :

    Plaintiff,                      :

                                                    PRISONER

V.                                      :   CASE NO. 3:11-cv-128 (RNC)

MARK STRANGE, ET AL.,                   :

    Defendants.                     :

## INITIAL REVIEW ORDER

    Pursuant to the previous initial review order entered in this case (doc. 4), familiarity with which is assumed, the plaintiff has filed an amended complaint. The Court has reviewed the amended complaint for the purpose of determining whether it states a claim on which relief can be granted under 42 U.S.C. § 1983 as to any of the named defendants and finds that it does not.[1]

    Plaintiff's amended complaint lists the following defendants: Correctional Officer John Doe, Unit Manager John Doe, Dr. J.R. Elderkin, Dr. O'Hallaran, Nurse Wendy, and Nurse Yvon. Plaintiff is deemed to have withdrawn the action as to the defendants named in the original complaint who are not named in

---

[1] This is one of approximately twelve actions the plaintiff has filed in this Court since January 2011. Nearly all these actions have been dismissed for failure to state a claim on which relief can be granted, thereby triggering the three-strikes provision in 28 U.S.C. § 1915(g). At the time the original complaint in this action was filed, however, plaintiff was not yet subject to the three-strikes rule. Accordingly, the Court reviews the allegations of the amended complaint without regard to the three-strikes provision.

the amended complaint: Mark Strange, Robert Correa, Karl Lewis, Captain First Shift, Peter Imordino, and Medical Supervisor of the Year (2009).

Plaintiff alleges that in the beginning of January 2010, while in custody, he "experienced a burning sensation on [his] arms, legs, knees and other parts of his body." The condition was due to an "infested mattress." The plaintiff reported his condition to Officer John Doe. The officer changed the plaintiff's mattress and sheets but did not send the plaintiff to the medical unit. On January 4, 2010, the plaintiff was "kicked out" of his cell block by other inmates because he "had scabs on his body and was bleeding." At that time, he was sent to segregation by Unit Manager John Doe. On January 7, 2010, he was examined by Dr. O'Hallaran, who prescribed a cream. The doctor instructed nurses to place the plaintiff in isolation for a day, apply the cream to his body from the neck down, and discard his mattress and clothing. The plaintiff was then sent back to segregation for six more days and had to apply the cream himself.

Plaintiff appears to be seeking damages for injuries caused by exposure to an infested mattress. Unsafe living conditions in prison, such as an infested mattress, can provide the basis for a damages claim against a prison official under 42 U.S.C. § 1983 if the official knew of and disregarded an excessive risk to the inmate's health and safety. See Farmer v. Brennan, 511 U.S. 825, 834, 840-42 (1994). Plaintiff's allegations do not support such

a claim against any of the named defendants based on his exposure to the infested mattress. There is no allegation that any of the named defendants knew about the infested condition of the mattress before the plaintiff complained about the "burning sensation." Crediting the plaintiff's allegations, it appears that Officer Doe, on learning about the problem, promptly gave the plaintiff a new mattress and sheets.

Plaintiff also appears to be seeking damages against the doctors for failing to treat him properly. To adequately plead such a claim, a prisoner must allege that (1) he had a serious medical need, in other words, a condition of urgency, capable of producing death, degeneration or extreme pain; and (2) the defendant was deliberately indifferent to the plaintiff's need, that is, knowing of the plaintiff's serious medical need, he or she engaged in acts or omissions sufficiently harmful to reflect conscious disregard of a substantial risk of serious harm to the plaintiff. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). No such facts are alleged in the amended complaint as to either doctor.

Plaintiff states that he was "not treated properly by nurses." This conclusory statement appears to refer to his allegation that he had to apply the cream himself. Construing these allegations as an attempt to state a claim for deliberate indifference against the nurses, the allegations are

insufficient.  There is no allegation that the nurses' failure to apply the cream either risked or actually caused serious harm to the plaintiff and such an allegation would be implausible in any event.

This leaves the plaintiff's allegations regarding segregation.  It is unclear what claim the plaintiff is attempting to make in this regard.  He alleges that Unit Manager John Doe put him in segregation after he was "kicked out" of the cell block by other inmates.  It appears that this placement was appropriate in the circumstances pending a medical examination, which occurred within a reasonable period of time.  With regard to the plaintiff's placement in segregation after he was seen by the doctor, there is no allegation that Unit Manager John Doe or any other named defendant was responsible for the placement decision.  Moreover, there are no allegations to support a reasonable inference that the placement violated the plaintiff's constitutional rights.

Ordinarily, a pro se plaintiff is given at least one opportunity to correct deficiencies in a complaint against prison officials.  Plaintiff has been given that opportunity. Considering the allegations of the original and amended complaints, it does not appear that the plaintiff is able to state a claim for relief under 42 U.S.C. § 1983 arising from his exposure to the infested mattress and subsequent treatment.  In

4

the absence of any federal claim, the Court declines to exercise jurisdiction over any state law claim the plaintiff may be have arising from the events in question.

Accordingly, the amended complaint is hereby dismissed. See 28 U.S.C. § 1915A(b)(1). The Pro Se Prisoner Litigation Office will send a copy of this order to the plaintiff and a copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

So ordered this 3rd day of October 2012.

/s/
Robert N. Chatigny
United States District Judge